J-A08033-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CARRIER CORPORATION AND PEIRCE-PHELPS, INC., | : | |
| | : | |
| | : | |
| Appellees | : | No. 1514 EDA 2017 |

Appeal from the Order Entered April 18, 2017
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2015 No. 4314

BEFORE:   PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                 **FILED MAY 21, 2018**

David Hatchigian appeals *pro se* from the April 18, 2017 order, which denied his motion to invalidate a settlement agreement between himself and Appellees, Carrier Corporation and Peirce-Phelps, Inc. (collectively, Appellees).  We affirm.

The trial court provided the following background.

[Hatchigian] filed his *pro[]se* complaint on September 20, 2015, alleging various counts against [Appellees] in connection with Hatchigian's purchase of an air conditioning unit.  According to the complaint [Hatchigian], the owner-lessor of an apartment building, purchased an air conditioning system from [Appellee] Peirce-Phelps, Inc., a distributor of air conditioning units, for use in his apartment building.  The unit was manufactured by [Appellee] Carrier Corporation.  The air conditioner allegedly proved defective and caused mold to grow in the property, sickening [Hatchigian's] tenants and requiring them to evacuate the premises, thus leading to lost rental income for [Hatchigian].  [Hatchigian] alleged, *inter alia*, that [Appellee] Peirce-Phelps,

_____
*Retired Senior Judge assigned to the Superior Court.

Inc., violated its contract of sale by failing to deliver a working air conditioning system and by failing to repair it once notified of its defective condition. [Hatchigian] also sought to hold liable [Appellee] Carrier Corporation for negligence in its design of the system. [Appellees] filed their answers on October 20, 2015, and October 29, 2015, respectively. The matter proceeded to arbitration and on March 30, 2016, the arbitrators found in favor of [Appellees]. The matter was scheduled for trial on January 23, 2017. On the day of trial [Hatchigian], then represented by counsel, agreed to a settlement with [Appellees], the terms of which were placed on the record. In pertinent part, [Hatchigian] was to receive $3,000.00 in exchange for an agreement to dismiss claims against [Appellees]. [Hatchigian] was sworn and stated on the record that he accepted the settlement as read.

On March 5, 2017, [Hatchigian], now *pro[]se*, filed a [m]otion to [i]nvalidate [s]ettlement, alleging that [Appellees] had wrongfully withheld the settlement funds. [Appellees] filed their respective [a]nswers in opposition on March 16, 2017. On April 18, 2017, a hearing was held on [Hatchigian's] motion. The [trial court] heard evidence that [Hatchigian] had refused to execute the release provided to him by [Appellees], and that settlement funds were withheld for this reason. On April 18, 2017, the [trial court] denied [Hatchigian's] motion, writing in its order: "[Hatchigian] was represented by counsel at the original settlement. The [trial] court finds [Hatchigian's] *pro se* conduct unreasonable in failing to sign an appropriate and necessary release in order to secure the funds from [Appellees'] insurance compan[ies]."

On May 5, 2017, [Hatchigian] timely filed the instant appeal. On May 11, 2017, the [trial c]ourt issued an order pursuant to Pa.R.[A.]P. 1925(b), directing [Hatchigian] to file a concise statement of [errors] complained of on appeal within 21 days of the entry of the order on the docket. On May 31, 2017, [Hatchigian] timely filed his [s]tatement of [e]rrors. [Hatchigian] states in his 1925(b) statement that he intends to raise the following issues on appeal.

"1) Whether the court should have granted the Motion to Invalidate (Order dated April 18, 2017) and restored this case to the trial calendar where counsel at the original settlement was not counsel of record, entered no appearance and had no apparent settlement authority."

- 2 -

J-A08033-18

"2) Whether the denial of a jury trial was an abuse of discretion under ***Wertz v. Chapman Township***, 559 Pa. 630 (1999), where Jury Trial Fees were paid and [Hatchigian's] motion for a jury trial of July 26, 2016 was unopposed."

Trial Court Opinion, 7/5/2017, at 1-3 (citations to record omitted).

In his brief to this Court, Hatchigian presents the following issues for our review.

1. Is the verbal settlement enforceable without settlement counsel's express authority to settle?

2. Are the parties entitled to have the Magnuson-Moss Warranty Act and Commercial Code, breach of contract[,] and negligence claims decided by a jury?

3. Is this action now due to be listed for trial as the purported settlement agreement is unenforceable without mutually acceptable [r]elease terms reflecting [the trial judge's] changes?

4. Can the trial court resolve genuine issues of material fact relating to a settlement agreement without allowing discovery and holding an evidentiary hearing[?]

Hatchigian's Brief at 5-6 (answers omitted).

In reviewing these issues, we first point out that "[i]ssues not included in the [Pa.R.A.P. 1925(b) s]tatement … are waived." Pa.R.A.P. 1925(b)(vii). Accordingly, the only issues presented or fairly suggested in both Appellant's Pa.R.A.P. 1925(b) statement and in his statement of questions involved are (1) whether counsel had authority to settle this case, and (2) whether the trial court should have scheduled this matter for a jury trial. All other issues are waived for failure to comply with Pa.R.A.P. 1925.

- 3 -

According to Hatchigian, while he retained the attorney who appeared at settlement on his behalf, that attorney "at no point had the authority to negotiate or consent to a settlement." Hatchigian's Brief at 15. Thus, Hatchigian claims he is entitled to a jury trial.

According to the trial court, "[t]he record shows that a settlement was agreed to by the parties and [Hatchigian] himself testified that he approved the settlement. (N.T. 1/23/17 pgs. 3-4)." Trial Court Opinion, 7/5/2017, at 3. Thus, it is clear that Hatchigian's argument is meritless because Hatchigian himself agreed to the settlement on the record.[1]

Based on the foregoing, we conclude the trial court did not err in denying Hatchigian's motion to invalidate the settlement agreement in this case. Moreover, because there is a valid settlement agreement, the trial court did not err by not scheduling it for a jury trial.

Order affirmed.

---

[1] Hatchigian has not included this transcript in the certified record. "It is the responsibility of appellant, not this Court, to provide a complete record for review, including ensuring that any necessary transcripts are included in the official record." *Commonwealth v. Peifer*, 730 A.2d 489, 493 (Pa. Super. 1999).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/18